PARAMOUNT REALTY AND CONSTRUCTION COMPANY, INCORPORATED, PROSECUTOR, v. GEORGE F. SCHMITT, SUPERINTENDENT OF BUILDINGS OF THE TOWN OF IRVINGTON; THE BOARD OF ADJUSTMENT OF THE TOWN OF IRVINGTON, AND THE TOWN OF IRVINGTON, AND JOSEPH DIEBOLD, SUPERINTENDENT OF BUILDINGS OF IRVINGTON, RESPONDENTS.

Decided June 6, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Cohen & Klein.*

For the respondents, *Charles H. Stewart.*

PER CURIAM.

The facts as stipulated between the parties in this cause disclose that the prosecutor is the owner of premises located on the northwest corner of Clinton avenue and Sanford avenue, in the town of Irvington; that the prosecutor applied for a permit from the building inspector of the town to erect a two-story brick building, containing on the ground floor eight commercial stores, and on the second floor five living apartments; that the prosecutor has complied in all respects with the requirements for making an application for a permit; that the prosecutor's application is for the erection of a building to contain commercial stores in a district where such use is not allowed by the zoning ordinance of the town of Irvington. The application for the permit was in consequence of the said zoning ordinance refused.

The prosecutor thereupon appealed to the board of adjustment from the refusal of the building inspector to grant the application for a permit, which board, after a hearing, denied the prosecutor's application.

From the stipulated facts in the case it appeared that the prosecutor's property is located in a residential zoning district; that the character of the neighborhood as established is residential, and houses therein and in the immediate vicinity are all one-family houses, costing $10,000 and upwards; that there is no local demand for stores in the neighborhood; that the intersection of Clinton avenue and Sanford avenue is already exceedingly dangerous, and the erection of stores will have a tendency to increase the hazards at that point, &c. There was also a protest signed by ninety per cent. of the property owners against the granting of the permit for the erection of stores.

We think the facts and circumstances which were before the board of adjustment had a tendency to establish that it was against the general welfare of the public to have stores erected on the premises in question.

It being a question of fact for the board of adjustment to determine whether or not the erection of stores in the neighborhood as contemplated was or was not against the general welfare of the public, its finding that it was against the general welfare, supported as it is by testimony, will not be disturbed.

The writ is dismissed, but without costs.